UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------X
DARRON BORIA,

        Plaintiff,

  -against-

SGT. BRANDON CASTINE and
C.O. JOHN POSTIGLIONE,

        Defendants.
---------------------------------X

**COMPLAINT**   9:25-cv-583  (ECC/PJE)

Plaintiff Demands a Trial by Jury

    Plaintiff, by his attorneys Sivin, Miller & Roche LLP, complaining of Defendants, alleges as follows, upon information and belief:

### THE PARTIES AND JURISDICTION

1. That at all times herein mentioned, Plaintiff was and is a citizen of the State of New York.

2. That at all times herein mentioned, Plaintiff was an incarcerated individual in the care, custody, and control of the New York State Department of Corrections and Community Supervision (DOCCS).

3. That at all times herein mentioned, Plaintiff was housed at Altona Correctional Facility (Altona), in Altona, NY.

4. That at all times herein mentioned, Defendant Sgt. Brandon Castine (Castine) was a correction sergeant employed by DOCCS at Altona.

5. That at all times herein mentioned, Castine was acting within the course and scope of his employment as a DOCCS correction sergeant.

6. That at all times herein mentioned, Castine was acting under color of state law.

7. That at all times herein mentioned, Defendant C.O. John Postiglione (Postiglione) was a correction officer employed by DOCCS at Altona.

8. That at all times herein mentioned, Postiglione was acting within the course and scope of his employment as a DOCCS correction officer.

9. That at all times herein mentioned, Postiglione was acting under color of state law.

10. That this Court has jurisdiction over this action in that the action arises under 42 U.S.C. § 1983 and alleges violations of Plaintiff's civil rights, including rights guaranteed under the Eighth Amendment to the United States Constitution.

11. That venue is proper in the Northern District of New York, which is where the events underlying this lawsuit occurred.

## THE FACTS

12. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

13. On or about April 21, 2023, at or around the so-called "passive-recreation" area at Altona, Sgt. Castine and C.O. Postiglione, and several other correction officers, corralled Plaintiff and several other incarcerated individuals for the purpose of questioning and/or disciplining them in connection with suspected rules violations.

14. During the course of the questioning and discipline, Castine brutally and with great force kicked Plaintiff in the right shin.

15. In response to being kicked in the shin by Castine, Plaintiff screamed out in pain.

16. Castine then openly and noticeably prepared to attack Plaintiff again by backing up and then charging toward Plaintiff before brutally kicking Plaintiff a second time in the shin.

17. Postiglione observed the aforementioned actions by Castine, had reasonable opportunities to intervene to prevent and/or stop those actions, but intentionally and deliberately failed and refused to do so.

18. Instead, Postiglione aided and abetted Castine by striking Plaintiff in the head with his hand.

19. The aforementioned actions by Defendants constituted excessive and unnecessary uses of force.

20. The aforementioned actions by Defendants were sadistic and malicious, and were not undertaken in a good faith attempt to maintain or restore discipline.

21. As a result of the aforementioned actions by Defendants, Plaintiff sustained severe emotional and physical injuries, including but not limited to permanent nerve and muscle damage to the right leg and foot, endured and will continue to endure pain and suffering and loss of enjoyment of life, incurred and will continue to incur medical and healthcare expenses and other pecuniary loss, and has been otherwise damaged.

### FIRST CAUSE OF ACTION
**(42 U.S.C. § 1983: Eighth Amendment)**

22. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

23. The aforementioned actions by Defendants in sadistically and maliciously using excessive force against Plaintiff, and in intentionally and deliberately failing and refusing to intervene to prevent and/or stop that use of force, were in violation of the

rights guaranteed to Plaintiff under the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment.

24. As a result thereof, Plaintiff is entitled to recover damages from Defendants pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff seeks judgment on the aforementioned cause of action against Defendants for compensatory damages and punitive damages in amounts to be determined by the trier of fact, and Plaintiff also seeks attorney's fees against Defendants pursuant to 42 U.S.C. § 1988, and Plaintiff seeks interest, costs, and disbursements of this action.

Dated:  New York, New York
        May 9, 2025

> Yours, etc.
> Sivin, Miller & Roche LLP
>
> By s/ *David Roche*
> David Roche
> Attorneys for Plaintiff
> 20 Vesey St., Suite 1400
> New York, NY  10007
> (212) 349-0300